**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

DAVID LONDON BATTLES,      **:**

           **:**

       Plaintiff,        **:**      Case No.  3:17cv00112

           **:**

vs.            **:**      District Judge Walter H. Rice

           **:**      Magistrate Judge Sharon L. Ovington

TROTWOOD POLICE,      **:**

DEPARTMENT,       **:**

           **:**

       Defendant.     **:**

---

# REPORT AND RECOMMENDATION[1]

---

## I.    Introduction

Plaintiff David London Battles, a resident of Trotwood, Ohio, brings this case *pro se* against a single Defendant—Trotwood Police Department.  The Court previously granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915.  The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant.  *See* 28 U.S.C. § 1915(e)(2); *see, e.g.*, *Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## II.    Background

Plaintiff alleges in his *pro se* Complaint that his father's girlfriend called the Trotwood Police Department, claiming that he (Plaintiff) had assaulted her son. Trotwood Police arrested Plaintiff without doing any investigation. He alleges, "So they I feel like kidnapped me[,] held me for ransom[,] and went off of [hearsay] …." (Doc. #1, *PageID* #8). He further alleges that when he has called the Trotwood Police "on somebody else case # TR16-4731 they say to me we have to investigate it and nothing ever gets done …." *Id*. He claims that this has happened a number of times.

He requests for relief, "Investigate Trotwood Police or fire somebody or something …" *Id*. at 9. He believes that it is wrong for them not to investigate when he calls them but to investigate when someone calls them about him.

## III.    Applicable Standards

A complaint may be dismissed as frivolous under § 1915(e)(2) "only if the plaintiff fails to present a claim with 'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F. 3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories—for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke*, 490 U.S. at 327-328; *see also Brand*, 526 F.3d at 923. A complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1900).

The Court's *sua sponte* review also requires dismissal of an *in forma pauperis* complaint, or any portion of it, that fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To state such a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV.   Analysis

Accepting Plaintiff's allegations as true and construing his Complaint liberally in his favor reveals that he seeks to challenge his arrest by the Trotwood Police Department under 42 U.S.C. § 1983. This challenge, however, fails as a matter of law because the "City of Trotwood Police Department, being a mere arm of the City of Trotwood, is not its own entity, and is not capable of being sued (i.e., it is not *sui juris* )." *Hale v. Vance*, 267 F. Supp.2d 725, 737 (S.D. Ohio 2003) (Rice, DJ). Plaintiff's Complaint does not identify any other Defendant.

Accordingly, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) without prejudice to renewal unless he amends it to identify a proper party defendant.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's Complaint be dismissed without prejudice to renewal by filing an Amended Complaint within fourteen days.

June 8, 2017                               *s/Sharon L. Ovington*
                                           Sharon L. Ovington
                                           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).